Judgment rendered November 20, 2024.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 55,858-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                          Appellee

versus

KEANNA GILBERT WALKER                       Appellant

* * * * *

Appealed from the
Twenty-Sixth Judicial District Court for the
Parish of Bossier, Louisiana
Trial Court No. 247,766

Honorable Michael Owens Craig, Judge

* * * * *

LOUISIANA APPELLATE PROJECT              Counsel for Appellant
By: Douglas Lee Harville

J. SCHUYLER MARVIN                       Counsel for Appellee
District Attorney

RICHARD RUSSELL RAY
ROBERT RANDALL SMITH
Assistant District Attorneys

* * * * *

Before STONE, COX and HUNTER, JJ.

**STONE, J.**

This appeal arises from the Twenty-sixth Judicial District Court, the Honorable Michael O. Craig presiding. The defendant, Keanna Gilbert Walker ("Walker"), was charged by a bill of information with theft of a motor vehicle, a violation of La. R.S. 14:67.26. Walker pled guilty as charged and was sentenced to 5 years, imprisonment at hard labor with all but 1 year suspended and 2 years of active supervised probation. Walker appealed, asserting that her sentence was excessive and unconstitutionally harsh. For the following reasons, we affirm the sentence of the trial court.

## FACTS

On February 17, 2023, Walker, an employee of the Sonic drive-in restaurant in Haughton, Louisiana, told a coworker, Jameion Franklin ("victim"), that she would like to put a few things in his vehicle and asked for his keys. After receiving the keys to his 2018 Honda Civic, Walker left the premises in the victim's vehicle without his permission and never returned. Realizing that Walker had not come back inside the restaurant, the victim called Walker's cell phone to tell her to return his vehicle. According to the victim, Walker said she was at a local Walmart. After the initial call, the victim continued to call and text Walker, but his calls and texts went unanswered. Nearly two weeks later, the victim's vehicle was discovered by police at an apartment complex in Austin, Texas. Walker was subsequently arrested and on July 13, 2023, was charged with theft of a motor vehicle in violation of La. R.S. 14:67.26 (C)(2).

On August 10, 2023, Walker appeared in court with her attorney and pled guilty. There was no agreed-upon sentence in the plea arrangement and

a presentence investigation ("PSI") report was ordered by the court.[1] On November 9, 2023, the trial court sentenced Walker to 5 years, imprisonment at hard labor with all but 1 year suspended, and 2 years of active supervised probation. The trial court denied the defendant's motion for reconsideration of sentence on November 16, 2023. This appeal followed.

## DISCUSSION

Walker argues that her sentence is excessive and unconstitutionally harsh and there was no evidence that she would respond more positively if she were placed on probation for two years after serving a 1-year prison sentence. She further asserts that the victim in this case suffered no economic loss, and her 1-year period of imprisonment is a sufficient deterrent to any further crimes. Walker claims that her sentence makes no reasonable contribution to acceptable penal goals and asks this court to vacate the probated portion of her sentence.

The state argues that Walker received less than a fifth of the maximum sentence. According to La. R.S. 14:67.26 (C)(2), the maximum sentence for theft of a motor vehicle is ten years. Additionally, the state argues that Walker has prior convictions in the state of Texas, including a misdemeanor conviction for assault and a conviction for unauthorized use of a motor vehicle just two months prior to the instant conviction. Lastly, the state asserts that any lesser sentence would deprecate the seriousness of the crime.

---

[1] The presentence investigation PSI report shows that in 2018, Walker was charged with stalking but was ultimately sent through diversion and the charged was dismissed. In 2022, she had a misdemeanor conviction of assault, and in 2023, she had a felony conviction of unauthorized use of a vehicle. All previous charges were in the state of Texas.

An excessive sentence claim is reviewed by examining whether the trial court adequately considered the guidelines established in La. C. Cr. P. art. 894.1 and whether the sentence is constitutionally excessive. *State v. Dowles*, 54,483 (La. App. 2 Cir. 5/25/22), 339 So. 3d 749; *State v. Vanhorn*, 52,583 (La. App. 2 Cir. 4/10/19), 268 So. 3d 357, *writ denied*, 20-00745 (La. 11/19/19) 282 So. 3d 1065. First, the record must show that the trial court took cognizance of the criteria set forth in La. Cr. C. P. 894.1. The articulation of the factual basis for a sentence is the goal of La. C. Cr. P. art. 894.1, not rigid or mechanical compliance with its provisions. The trial court is not required to list every aggravating or mitigating circumstance, so long as the record reflects that it adequately considered the guidelines of the article. *State v. Smith*, 433 So. 2d 688 (La. 1983); *State v. Croskey*, 53,505 (La. App. 2 Cir. 5/20/20), 296 So. 3d 1151.

To assess a claim that a sentence violates La. Const. art. I, § 20, the appellate court must determine if the sentence is grossly disproportionate to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Dorthey,* 623 So. 2d 1276 (La. 1993); *State v. Bonanno*, 384 So. 2d 355 (La. 1980). A sentence is considered grossly disproportionate if, when the crime and punishment are viewed in light of the harm done to society, it shocks the sense of justice. *State v. Weaver*, 01-0467 (La. 1/15/02), 805 So. 2d 166; *State v. Meadows*, 51,843 (La. App. 2 Cir. 1/10/18), 246 So. 3d 639, *writ denied*, 18-0259 (La. 10/29/18) 254 So. 3d 1208. The sentencing court has wide discretion to impose a sentence within the statutory limits, and the sentence imposed will not be set aside as excessive absent a manifest abuse of that discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7. On review, an appellate

court does not determine whether another sentence may have been more appropriate, but whether the trial court abused its discretion. *State v. Gaines*, 54,383 (La. App. 2 Cir. 2/22/23), 358 So. 3d 194, *writ denied*, 23-00363 (La. 6/21/23), 362 So. 3d 428; *State v. Tubbs*, 52, 417 (La. App. 2 Cir. 11/20/19), 285 So. 3d 536, *writ denied,* 20-00307 (La. 7/31/20), 300 So. 3d 404, *on recons.*, 20-00307 (La. 9/8/20), 301 So. 3d 30, *writ denied*, 20-00307 (La. 9/8/20), 301 So. 3d 30.

There is no showing that the trial court abused its discretion in the present case. Only half of the maximum sentence was imposed on Walker, which is appropriate given the rapid progression in which Walker was convicted of two felonies involving the use and taking of vehicles that did not belong to her. Walker contends there is no evidence that she would be more likely to commit further crimes if she were not monitored on probation after her imprisonment. There is, however, more than enough evidence to suggest that Walker is inclined to commit such acts without such monitoring. Walker was 22 years old at the time of her sentencing.

This court is of the belief that Walker could further benefit from probation after serving 1 year in prison as a rehabilitative measure due to her young age and her propensity for using and taking vehicles that do not belong to her. The trial court considered Walker's youth but balanced that factor against the severity of the offense and the pattern of similar offenses exhibited by her. Prior to imposing the sentence on Walker, the trial court considered the guidelines of Article 894.1 and the PSI submitted to the court on Walker's behalf. While pointing out that Walker had a slew of other charges, albeit in a different state, the trial court noted that in addition to the conviction in the present case for theft of a motor vehicle, Walker had a

4

prior felony conviction for unauthorized use of a motor vehicle. The trial court thoroughly reviewed and applied the appropriate sentencing factors. Based on the record, the sentence imposed does not shock the sense of justice. Thus, we cannot say the trial court abused its discretion.

## CONCLUSION

Walker's conviction and sentence of 5 years imprisonment at hard labor with all but 1 year suspended, and 2 years of active supervised probation is affirmed.

**AFFIRMED.**